Hernandez Benito v. Bondi

BIA
Golovnin, IJ
A216 473 828

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

JUAN DAVID HERNANDEZ BENITO,
> *Petitioner,*

v.                                                                 **23-6697**
                                                                   **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**    Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Senior Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Juan David Hernandez Benito, a native and citizen of Colombia, seeks review of a May 30, 2023, decision of the BIA affirming a July 30, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and CAT relief.  *In re Juan David Hernandez Benito*, No. A216 473 828 (B.I.A. May 30, 2023), *aff'g* No. A216 473 828 (Immig. Ct. N.Y. City, July 30, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions.  *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  We review the agency's factual findings for substantial evidence and questions of law and the application of law to fact de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Asylum

We dismiss the petition as to asylum because Hernandez Benito has not identified a reviewable question of law.   An asylum application generally must be filed within one year of entry.   8 U.S.C. § 1158(a)(2)(B).   It is undisputed that Hernandez Benito's application was untimely filed in July 2018, more than one year after either his entry (in 2016) or the expiration of his nonimmigrant visa (in June 2017).   The agency may excuse the deadline if the applicant establishes "extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D); *see also* 8 C.F.R. § 1208.4(a)(5) (placing burden on applicant to show that extraordinary circumstances "were directly related to the alien's failure to file the application within the 1-year period").

Our review of timeliness determinations or a determination of whether extraordinary circumstances excuse a delay is limited to constitutional claims and questions of law.   *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).   A question of law may arise where the agency applied the wrong legal standard, *see Barco-Sandoval*

3

*v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or where the agency "totally overlooked" or "seriously mischaracterized" important facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). And "the application of law to undisputed or established facts is a 'question of law' within the meaning of § 1252(a)(2)(D)." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020) (brackets omitted); *see also Wilkinson v. Garland*, 601 U.S. 209, 212, 216–17 (2024). Here, the agency concluded that Hernandez Benito did not establish that his post-traumatic stress disorder ("PTSD") was the reason for his delay, in part because he testified that the delay was attributable to financial reasons and his intent to return to Colombia. Hernandez Benito does not argue that the agency applied the wrong legal standard. His bald assertion on appeal that his PTSD caused his delay does not implicate a question of law, and his contention that the agency did not "sufficiently acknowledge" the evidence of his PTSD, Petitioners' Br. at 19 —evidence that was discussed in the BIA's decision – does not amount to a claim that the agency "totally overlooked" that evidence, but rather merely disputes the weight given to it. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

4

## II.    Withholding of Removal and CAT

An applicant for withholding of removal has the burden to establish past persecution or that he will "more likely than not" be persecuted in the future because of "race, religion, nationality, membership in a particular social group, or political opinion."    8 C.F.R. § 1208.16(b)(2).    "To qualify as 'persecution' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is 'unable or unwilling to control.'"    *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)).    "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims."    *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks omitted).

An applicant for CAT relief has the burden to show he will "more likely than not" be tortured.    8 C.F.R. § 1208.16(c)(2).    "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by, or at the instigation of, or with the consent or acquiescence of, a

public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

The agency denied withholding of removal and CAT relief because Hernandez Benito did not establish that the Colombian government was unable or unwilling to protect student activists or that it would acquiesce to his torture by paramilitary groups. Hernandez Benito has abandoned review of the denial of withholding of removal because he only briefly addressed the agency's unable-or-unwilling finding without citation to country conditions or other evidence to contradict the agency's conclusion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence" to it); *see also Debique*, 58 F.4th at 684. Moreover, as discussed below with respect to the acquiescence element of the CAT claim, the record does not compel a conclusion that the Colombian government was or would be unable or unwilling to protect him.

The agency acknowledged country conditions evidence that paramilitary groups have targeted political activists in Colombia, but it reasonably found that the government is actively working to combat such violence. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency."). For example, State Department reports provide general accounts of paramilitary violence against political activists but also that the government is combatting that violence, as evidenced by its commissioning of the National Police to lead investigations into paramilitary groups, and orders to the police to investigate and prosecute reports of paramilitary groups threatening students and teachers at a college campus. Moreover, Hernandez Benito did not submit "particularized evidence" that the government would consent or acquiesce to likely torture by the paramilitary groups given that he did not report any incidents to the police, he testified that the government protected some activists, and as noted above, the country conditions evidence reflected government efforts to combat paramilitary violence. *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring more than

7

country conditions evidence reflecting some instances of torture); *see also* *Quintanilla-Mejia*, 3 F.4th at 593–94 (concluding that record did not compel an acquiescence finding where applicant had not truthfully reported past incidents and country conditions evidence showed both attempts to combat gang violence and "police and military misfeasance").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court